United States District Court

Eastern District of Louisiana

Guillot

v. CIVIL ACTION NO. 2:03-cv-00797

Credit Suisse 1st SECTION T, MAG-5

The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

(1) A list of all parties still remaining in this action;

(2) Copies of all pleadings, including answers, filed by those parties in state court; and

(3) Copies of the return on service of process on those parties filed in state court.

New Orleans, Louisiana, March 24, 2003.

By Direction of the Court

LORETTA G. WHYTE, CLERK




**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PAUL J. GUILLOT, GOTHLYN J. RECK, BEAR, STEARNS & CO., INC., SILVER POINT CAPITAL FUND LP, and BANK ONE TRUST COMPANY, N.A., SUCCESSOR IN INTEREST TO FIRST NATIONAL BANK OF COMMERCE, AS INDENTURE TRUSTEE, Plaintiffs,** | * | **CIVIL ACTION** 03-0797 **NO.** SECT. T MAG. 5 |
| **VERSUS** | * | **SECTION " "** |
| **CREDIT SUISSE BOSTON LLC., FORMERLY CREDIT SUISSE FIRST BOSTON CORPORATION, FORMERLY FIRST BOSTON CORPORATION, Defendants** | * | **MAGISTRATE NO.** |

* * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334(b), as well as 28 U.S.C. §§ 1441 and 1332(a), the above-stated matter pending before the Twenty-Third Judicial District Court, Parish of St. James, State of



Louisiana (the "Action") is hereby removed to United States District Court for the Eastern District of Louisiana.

The Action is related to the bankruptcy case of Kaiser Aluminum & Chemical Corporation ("Kaiser") and other affiliated debtors. On February 12, 2002, Kaiser voluntarily filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware, administratively consolidated under Case No. 02-10429.

In support of removal, defendant Credit Suisse First Boston LLC ("CSFB") alleges as follows:

1.

The Action involves claims by certain bondholders and an indenture trustee relating to a series of transactions that occurred in 1992 and 1993 -- more than ten years ago. As alleged in the Complaint, a copy of which is attached hereto as Exhibit 1, in one transaction St. James Parish issued Solid Waste Disposal Revenue Bonds in the aggregate principal amount of $20,000,000 ("the "Gramercy Bonds"). These bonds were issued pursuant to a Trust Indenture dated December 1, 1992, under which First National Bank of Commerce was the indenture trustee. Plaintiff Bank One is the successor in interest to First National Bank of Commerce, as indenture trustee. The other plaintiffs in the Action are owners of the Gramercy Bonds. CSFB was the underwriter in the Gramercy Bonds transaction.

2.

The Complaint also alleges that Kaiser issued Senior Subordinated Notes in the aggregate principal amount of $400,000,000 (the "Subordinated Notes"), pursuant to a February 1, 1993 Trust Indenture. CSFB was one of the underwriters in that transaction. Plaintiffs assert that Kaiser (not CSFB) was supposed to designate the Gramercy Bonds as "Senior Indebtedness" under the Subordinated Notes Indenture and that Kaiser apparently failed to do so. The Action maintains that Kaiser's failure to make the required designation was somehow CSFB's fault, and purports to allege a variety of claims in furtherance of that novel, and wholly unsupported, theory.

3.

Plaintiffs' claims relate to Kaiser's bankruptcy proceedings in that, *inter alia*, the Complaint asserts that Kaiser failed to honor its contractual obligations and allegedly misrepresented its intentions. For example, Plaintiffs allege that "[t]he Sale Agreement states that KACC 'will designate its obligations under this Agreement as "Senior Indebtedness" under, and as defined in, the Senior Subordinated Note Indenture.' (Sale Agreement § 6.9(b).)" (Complaint ¶ 13).

4.

Moreover, the claims in the Action relate to Kaiser's bankruptcy because Kaiser agreed to indemnify CSFB in connection with the transactions that are the subject of the Complaint. Thus, any liability incurred by CSFB in the Action (and any monetary losses resulting therefrom) are due to be indemnified by the debtor, Kaiser.

5.

Because the District Court has original jurisdiction over the Action as a matter related to the Kaiser bankruptcy case, pursuant to 28 U.S.C. § 1334, removal is available under 28 U.S.C. § 1452(a).

6.

CSFB hereby exercises its right to have a jury try the claims against it in this proceeding, and by this removal it does not consent to have such jury trial heard in a Bankruptcy Court. Accordingly, pursuant to 28 U.S.C. § 157(e), the matter should not be referred to the Bankruptcy Court but instead should be maintained in a District Court.

7.

As an additional and alternative ground for removal, CSFB shows that there is diversity jurisdiction in this case, 28 U.S.C. 1332(a), and this action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441 in that the matter in controversy exceeds the jurisdictional amount and there is complete diversity between CSFB and all non-fraudulently joined parties; CSFB avers that all plaintiffs other than Bank One Trust Company, N.A., were fraudulently joined and that, therefore, those fraudulently joined plaintiffs' citizenship is disregarded for purposes of removal. CSFB is domiciled in the State of Delaware with its principal place of business in New York, and Bank One Trust Company, N.A., on information and belief, is domiciled in Wisconsin with its principal place of business in Illinois, and therefore CSFB and Bank One Trust Company, N.A. are diverse.

8.

This Notice is being served and filed within 30 days of the service of the Complaint in the Action. Accordingly, the Notice is timely served pursuant to Fed. R. Bankr. P. 9027(a)(2), and Fed. R. Civ. P. 81(c). The Action is a non-core proceeding, and CSFB does not consent to the entry of final orders and judgments by a bankruptcy judge.

9.

Other than the Complaint, CSFB is unaware of any other pleadings that have been filed in the Action.

10.

Written notice of the filing of this Notice of Removal is hereby given to the Plaintiffs.

11.

A notice of the filing of this Notice of Removal (along with a copy of the Notice of Removal) will be promptly filed with the Clerk of the Twenty-Third Judicial District Court, Parish of Saint James, State of Louisiana.

DATED this 20th day of March, 2003.

**TERRY CHRISTOVICH GAY - 5993**
**KEVIN R. TULLY – 1627**
**H. CARTER MARSHALL - 28136**
**CHRISTOVICH & KEARNEY, L.L.P.**
Suite 2300
Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700
Facsimile: (504) 561-5743

*Attorneys for Credit Suisse First Boston Corporation LLC*

**CERTIFICATE**

This is to certify that a copy of the above and foregoing has been served upon the following by hand delivery:

Clerk of Court
St. James Parish Courthouse
5800 LA 44
P.O. Box 63
Convent, LA 70723

Robert B. Bieck, Jr.
Elizabeth J. Futrell
Aimee M. Quirk
JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8011
*Attorneys for Bank One Trust Company, N.A., as Indenture Trustee*

-and-

Gothard J. Reck
UHALT AND RECK, A PARTNERSHIP OF LAW CORPORATIONS
634 Carondelet Street
New Orleans, Louisiana 70130-3504
Telephone: (504) 581-5444
Facsimile: (504) 524-7020
*Attorneys for Paul J. Guilliot, Gothlyn J. Reck, Bear, Stearns & Co. Inc., and Silver Point Capital Fund LP*

this 20th day of March, 2003, at New Orleans, Louisiana.

Kevin Tully

**TERRY CHRISTOVICH GAY**
**KEVIN R. TULLY**

CITATION

| GUILLIOT, PAUL J | No: 00000028784 Div: E |
|---|---|
| VERSUS | 23rd Judicial District Court<br>Parish of St. James<br>State of Louisiana |
| CREDIT SUISSE FIRST BOSTON LLC | |

TO: CREDIT SUISSE FIRST BOSTON LLC; FORMERLY CREDIT SUISSE FIRST BOSTON CORPORATION; FORMERLY FIRST BOSTON CORPORATION; THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS AT THE FOLLOWING ADDRESS: CORPORATION SERVICE COMPANY; 320 SOMERULOS STREET; BATON ROUGE, LA. 70802-6129

YOU ARE HEREBY SUMMONED to comply with the demand contained in the accompanying petition FOR DAMAGES

a true and faithful copy whereof accompanies this citation, or to make an appearance by filing an answer or other pleading thereof, in writing, with the Clerk of the Twenty-Third Judicial District Court of the State of Louisiana in and for the Parish of St. James, at his office in the Courthouse in the Parish and State aforesaid, within FIFTEEN (15) DAYS after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS the Honorable Judges of the 23rd Judicial District in and for the Parish of St. James. State of Louisiana, this 11TH day of FEBRUARY, 2003.

EDMOND E. KINLER, JR.
CLERK OF COURT
P.O. BOX 63
CONVENT, LA. 70723
225-562-2270 (TEL.)
225-562-2363 (FAX)

[signature]
CLERK OF COURT

EXHIBIT

1

FILED FOR RECORD ... PARISH, LA.

03 FEB 11 PM 3:08

TWENTY-THIRD JUDICIAL DISTRICT COURT

PARISH OF ST. JAMES

STATE OF LOUISIANA

NO. 28784 DIVISION

PAUL J. GUILLIOT, GOTHLYN J. RECK, BEAR, STEARNS & CO. INC., SILVER POINT CAPITAL FUND LP, AND BANK ONE TRUST COMPANY, N.A., SUCCESSOR IN INTEREST TO FIRST NATIONAL BANK OF COMMERCE, AS INDENTURE TRUSTEE

VERSUS

CREDIT SUISSE FIRST BOSTON LLC, FORMERLY CREDIT SUISSE FIRST BOSTON CORPORATION, FORMERLY FIRST BOSTON CORPORATION

FILED: Feb. 11 2003 ______ DEPUTY CLERK

## PETITION FOR DAMAGES

Plaintiffs Paul J. Guilliot, Gothlyn J. Reck, Bear, Stearns & Co. Inc., Silver Point Capital Fund LP, and Bank One Trust Company, N.A., successor in interest to First National Bank of Commerce, as Indenture Trustee, for the benefit of the bondholders of the outstanding bonds, (collectively, the "Bondholders") allege as follows:

## PARTIES

1. Plaintiffs are:

(a) Paul J. Guilliot is a person of the full age of majority and domiciled and residing in the Parish of Lafayette.

(b) Gothlyn J. Reck is a person of the full age of majority and domiciled and residing in the Parish of Orleans.

(c) Bear, Stearns & Co. Inc. is a foreign corporation chartered under the laws of Delaware with its principal place of business in New York, New York.

(d) Silver Point Capital Fund LP is a limited partnership registered under the laws of Delaware, with its principal place of business in Greenwich, Connecticut.

(e) Bank One Trust Company, N.A. ("Bank One" or the "Trustee") is a national banking association, chartered under the laws of the United States of America.

2. Defendant is Credit Suisse First Boston LLC ("CSFB"), formerly Credit Suisse First Boston Corporation, formerly First Boston Corporation, a limited liability company registered under the laws of Delaware with its principal place of business in New York, New York, and doing business in the State of Louisiana.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action and over CSFB pursuant to articles 2 and 6 of the Louisiana Code of Civil Procedure and Louisiana Revised Statutes § 13:3201.

4. Venue is proper in this district pursuant to articles 42 and 74 of the Louisiana Code of Civil Procedure and Louisiana Revised Statutes § 13:3203.

## FACTS

5. On December 1, 1992, Kaiser Aluminum & Chemical Corporation ("KACC") entered into an installment sale agreement with St. James Parish, State of Louisiana (the "Sale Agreement"), pursuant to which St. James Parish bought a solid waste disposal facility in Gramercy, Louisiana (the "Facility") from KACC and immediately afterwards sold the Facility back to KACC.

6. To fund the acquisition of the Facility, St. James Parish issued Solid Waste Disposal Revenue Bonds, Series 1992 (the "Gramercy Revenue Bonds"), in the aggregate principal amount of $20,000,000 pursuant to a Trust Indenture dated December 1, 1992, under which First National Bank of Commerce was indenture trustee (the "Gramercy Indenture").

7. Plaintiff Bank One is the successor in interest to First National Bank of Commerce and currently acts as Indenture Trustee with respect to the Gramercy Indenture.

8. The Gramercy Indenture vests the Trustee with the authority to enforce "[a]ll rights of action under [the Gramercy Indenture] and the [Gramercy Revenue Bonds] . . . without the possession of any of the Bonds or the production thereof in any trial or other proceeding relating thereto and any such suit or proceeding instituted by the Trustee shall be brought in its name as trustee, . . . and any recovery of judgment shall be for the ratable benefit of the holders of the outstanding Bonds." (Gramercy Indenture § 10.8.)

9. Defendant CSFB, formerly known as First Boston Corporation, acted as underwriter for the Gramercy Revenue Bonds.

10. CSFB issued a Limited Offering Memorandum dated December 1, 1992, which set forth information relating to the sale of the Gramercy Revenue Bonds (the "Gramercy Offering Memorandum").

11. Under the Sale Agreement, KACC agreed to repurchase the Facility by repaying the purchase price in installments due on particular dates and in particular amounts so as to enable St. James Parish to satisfy all payment obligations under the Gramercy Indenture. (*See* Sale Agreement § 5.2.)

12. The Gramercy Offering Memorandum states that KACC had filed a registration statement for the sale of Senior Subordinated Notes due 2002 in the aggregate principal amount of $400,000,000.

13. The Gramercy Offering Memorandum incorporates by reference the terms of the Sale Agreement. The Sale Agreement states that KACC "will designate its obligations under this Agreement as 'Senior Indebtedness' under, and as defined in, the Senior Subordinated Note Indenture." (Sale Agreement § 6.9(b).)

14. Shortly after the issuance of the Gramercy Revenue Bonds, KACC issued Senior Subordinated 12.275% Notes due 2003 in the aggregate principal amount of $400,000,000 (the "Subordinated Notes") pursuant to a February 1, 1993 Trust Indenture (the "Subordinated Note Indenture").

15. Defendant CSFB, formerly known as First Boston Corporation, acted as an underwriter for the Subordinated Notes.

16. CSFB issued a registered prospectus for the Subordinated Note Indenture dated January 1993 (the "Subordinated Note Prospectus").

17. The Subordinated Note Prospectus provides as follows:

> In December 1991, the company [KACC] entered into the Sale Agreement with [St James] Parish. To fund the acquisition of the [Facility], [St. James] Parish issued $20.0 million aggregate principal amount of Gramercy [Revenue] bonds . . . . The Sale Agreement requires [KACC] to pay the purchase price of the facilities in installments due on the dates and in the amounts required to permit [St. James] Parish to satisfy all of its payment obligations under the Gramercy indenture. [KACC] intends to designate its obligations under the Sale Agreement as "Senior Indebtedness" under the [Subordinated Note] Indenture. (Subordinated Note Prospectus at 44.)

18. Based upon the representations in the Sale Agreement, the Gramercy Offering Memorandum , and the Subordinated Note Prospectus for the subsequently issued Subordinated Note Indenture, KACC's obligations relative to the Gramercy Indenture were to constitute "Senior Indebtedness" under any subsequent subordinated note indenture.

19. Because the Gramercy Revenue Bonds constitute "Senior Indebtedness," the Bondholders are entitled to the following preferential payment with respect to the subsequently issued Subordinated Note Indenture:

> The holders of all senior indebtedness . . . shall be entitled to receive payment in full . . . of such Senior Indebtedness . . . before the holders of the [Subordinated] Notes . . . shall be entitled to receive any direct or indirect payment or distribution on or with respect to the [Subordinated] Notes whether pursuant to the terms of the [Subordinated] Notes . . . or otherwise. (Subordinated Note Indenture § 3.2(a).)

20. On February 12, 2002, KACC and certain of its affiliates filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, administratively consolidated under Case No. 02-10429. Before the commencement of the bankruptcy proceedings, KACC was not in payment default under the Gramercy Revenue Bonds.

21. On March 28, 2002, the Trustee requested that State Street Bank and Trust Company ("State Street"), as the successor indenture trustee with respect to the Subordinated Notes, confirm that the Gramercy Revenue Bonds constitute "Senior Indebtedness" in accordance with the Subordinated Note Indenture.

22. By letter dated April 19, 2002, State Street informed the Trustee that it did not have a notice designating the Gramercy Revenue Bonds as "Senior Indebtedness." State Street further informed the Trustee that since State Street was not aware of any such notice, State Street would not consider the Gramercy Revenue Bonds as "Senior Indebtedness."

23. Before April 19, 2002, Plaintiffs did not know, nor should they have known, that KACC may have failed to designate of the Gramercy Revenue Bonds as "Senior Indebtedness," despite the express representations made by CSFB to the contrary.

**COUNT I**
**VIOLATION OF LOUISIANA CIVIL CODE ARTICLE 2315**

24. Plaintiffs reallege and incorporate by reference all of the allegations contained in Paragraphs 1-23.

25. As underwriter of the Gramercy Revenue Bonds as well as an underwriter of the subsequently issued Subordinated Notes, CSFB represented to offerees of the Gramercy Revenue Bonds that KACC was to designate the Gramercy Revenue Bonds as "Senior Indebtedness" with respect to the subsequently issued Subordinated Note Indenture.

26. Purchasers of the Gramercy Revenue Bonds relied upon CSFB's representations in connection with the sale of the Gramercy Revenue Bonds, specifically in the Gramercy Offering Memorandum, which expressly incorporated the Sale Agreement, as well as in the subsequently issued Subordinate Note Indenture.

27. As underwriter, CSFB had a duty to verify and make sure that KACC properly designated the Gramercy Revenue Bonds as "Senior Indebtedness" with respect to the subsequently issued Subordinated Note Indenture and that KACC properly advised the indenture trustee under the Subordinated Note Indenture of such designation.

28. If the designation as "Senior Indebtedness" was not properly made, CSFB breached its duties by failing to verify and make sure that KACC properly designated the Gramercy Revenue Bonds as "Senior Indebtedness" with respect to the subsequently issued Subordinated Note Indenture and that KACC properly advised the indenture trustee under the Subordinated Note Indenture of such designation.

29. The alleged absence of a "Senior Indebtedness" designation has diminished and may further diminish substantially the value of the Gramercy Revenue Bonds.

30. CSFB's failure to verify and make sure that KACC properly designated the Gramercy Revenue Bonds as "Senior Indebtedness" with respect to the subsequently issued Subordinated Note Indenture, as CSFB materially represented, has damaged the Bondholders in the amount of any and all decrease in the value of the Gramercy Revenue Bonds which may result from any claim that KACC failed to actually designate such bonds as "Senior Indebtedness."

31. Accordingly, CSFB is liable to Plaintiffs for damages pursuant to Louisiana Civil Code article 2315 *et seq.*

**COUNT II**
**LOUISIANA BLUE SKY LAW**

32. Plaintiffs reallege and incorporate by reference all of the allegations contained in Paragraphs 1-23.

33. In the Gramercy Offering Memorandum, which incorporated by express reference the Sale Agreement, and the Subordinated Note Prospectus for the Subordinated Note Indenture which was subsequently issued by KACC, CSFB expressly represented that KACC was to "designate its obligations under the Gramercy Indenture as Senior Indebtedness."

34. Whether KACC was to designate its obligations under the Gramercy Revenue Bonds as "Senior Indebtedness" constituted a material fact.

35. Any failure of KACC to designate properly its obligations under the Gramercy Revenue Bonds as "Senior Indebtedness" constitutes a misrepresentation of material fact by CSFB.

36. The Bondholders did not know of the possibility of any material misstatement by CSFB at the time of their purchase.

37. CSFB's misrepresentation of such a material fact constitutes a violation of the Louisiana Blue Sky Law, La. Rev. Stat. § 51:701, *et seq.*, rendering CSFB strictly liable for all consequent legal damages sustained by Plaintiffs, including their attorneys' fees in this action.

**COUNT III**
**BREACH OF CONTRACT AND/OR QUASI-CONTRACT**

38. Plaintiffs reallege and incorporate by reference all of the allegations contained in Paragraphs 1-23.

39. In the Gramercy Offering Memorandum, which incorporated by express reference the Sale Agreement, CSFB expressly represented that KACC "will designate the Gramercy Indenture as Senior Indebtedness."

40. In addition, CSFB expressly represented that KACC was to "designate the Gramercy Indenture as Senior Indebtedness" in the Subordinated Note Prospectus.

41. As underwriter, CSFB had a duty to verify and make sure that KACC properly designated the Gramercy Revenue Bonds as "Senior Indebtedness" with respect to the subsequently issued Subordinated Note Indenture and that KACC properly advised the indenture trustee under the Subordinated Note Indenture of such designation.

42. If the designation as "Senior Indebtedness" was not properly made, CSFB breached its duties by failing to verify and make sure that KACC properly designated the Gramercy Revenue Bonds as "Senior Indebtedness" with respect to the subsequently issued Subordinated Note Indenture and that KACC properly advised the indenture trustee under the Subordinated Note Indenture of such designation.

43. Any failure of KACC to issue the "Senior Indebtedness" designation for the Gramercy Indenture constituted a breach of material fact and contract and/or quasi-contract by CSFB to Plaintiffs, and any failure of CSFB to verify KACC's issuance and advice to the indenture trustee under the Subordinated Note Indenture of such designation constituted a breach of its duties under the Gramercy Offering Memorandum, to which the Bondholders are parties.

44. In addition, CSFB's actions constituted a breach of its duties under the Subordinated Note Prospectus, to which the Bondholders are third-party beneficiaries.

45. CSFB's breaches have damaged and continue to damage the Bondholders in the amount of any and all decrease in the value of the Gramercy Revenue Bonds which may result from any claim that KACC failed to properly designate such bonds as "Senior Indebtedness."

46. Moreover, purchasers of the Gramercy Revenue Bonds reasonably relied upon CSFB's representations that KACC was to "designate the Gramercy Indenture as Senior Indebtedness" in connection with the sale of the Gramercy Revenue Bonds, specifically in the Gramercy Offering Memorandum, which expressly incorporated the Sale Agreement, as well as in the subsequently issued Subordinate Note Indenture.

47. The alleged absence of a "Senior Indebtedness" designation has diminished or may diminish substantially the value of the Gramercy Revenue Bonds.

48. CSFB knew or should have known that the purchasers of the Gramercy Revenue Bonds would rely on its statements.

49. Accordingly, CSFB is liable to Plaintiffs for the amount of any and all decrease in the value of the Gramercy Revenue Bonds which has resulted and which may continue to result from any claim that KACC failed to actually designate the Gramercy Revenue Bonds as "Senior Indebtedness."

**PRAYER**

WHEREFORE, Plaintiffs Paul J. Guilliot, Gothlyn J. Reck, Bear, Stearns & Co. Inc., Silver Point Capital Fund LP, and Bank One Trust Company, N.A., successor in interest to First National Bank of Commerce, as Indenture Trustee, pray for service and citation of this Petition for Damages on the named defendant, and after due proceedings had, that this Court enter judgment in favor of Paul J. Guilliot, Gothlyn J. Reck, Bear, Stearns & Co. Inc., Silver Point Capital Fund LP, and Bank One Trust Company, N.A., for the ratable benefit of the bondholders of the outstanding bonds, and against defendant, Credit Suisse First Boston LLC, formerly Credit Suisse First Boston Corporation, formerly First Boston Corporation, and its successors or assigns, jointly, severally and in solido, for:

(a) all legal damages,

(b) legal interest from the date of judicial demand,

(c) reasonable attorneys' fees,

(d) all costs of these proceedings, and

(e) such further relief as this Court deems fitting and proper.

Respectfully submitted,

ROBERT B. BIECK, JR. (#3066)
ELIZABETH J. FUTRELL (#5863)
AIMEE M. QUIRK (#27045)
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.
201 St. Charles Avenue
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8011

**Attorneys for Bank One Trust Company, N.A., as Indenture Trustee**

GOTHARD J. RECK (#11415)
Uhalt and Reck, A Partnership of Law Corporations
634 Carondelet Street
New Orleans, Louisiana 70130-3504
Telephone: (504) 581-5444
Facsimile: (504) 524-7020

**Attorneys for Paul J. Guilliot, Gothlyn J. Reck, Bear, Stearns & Co. Inc., and Silver Point Capital Fund LP**

**PLEASE SERVE:**

**CREDIT SUISSE FIRST BOSTON LLC,**
**FORMERLY CREDIT SUISSE FIRST BOSTON CORPORATION,**
**FORMERLY FIRST BOSTON CORPORATION**
through its registered agent for service of process,
at the following address:

Corporation Service Company
320 Somerulos St.
Baton Rouge, LA 70802-6129