5/7/03

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 APR 17  PM 3: 50

LORETTA G. WHYTE
CLERK



# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAUL J. GUILLIOT, GOTHLYN J. RECK, | * | |
| BEAR, STEARNS & CO. INC., SILVER | * | |
| POINT CAPITAL FUND LP, AND BANK | * | CIVIL ACTION |
| ONE TRUST COMPANY, N.A., SUCCESSOR | * | |
| IN INTEREST TO FIRST NATIONAL | * | |
| BANK OF COMMERCE, AS INDENTURE | * | |
| TRUSTEE, | * | NO. 03-0797 |
| | * | |
| **Plaintiffs,** | * | |
| | * | SECTION T |
| versus | * | JUDGE PORTEOUS |
| | * | |
| CREDIT SUISSE FIRST BOSTON LLC, | * | |
| FORMERLY CREDIT SUISSE FIRST | * | MAGISTRATE 5 |
| BOSTON CORPORATION, FORMERLY | * | JUDGE CHASEZ |
| FIRST BOSTON CORPORATION | * | |
| | * | |
| **Defendant.** | * | |

*********************************************

## MOTION TO REMAND OR, ALTERNATIVELY, TO ABSTAIN

NOW INTO COURT, through undersigned counsel, come Plaintiffs Paul J. Guilliot,

Gothlyn J. Reck, Bear, Stearns & Co. Inc., Silver Point Capital Fund LP, and Bank One Trust

Company, N.A., successor in interest to First National Bank of Commerce, as Indenture Trustee,

for the benefit of the bondholders of the outstanding bonds, (collectively, the "Bondholders"),

who move this Court to remand this action to the Twenty-Third Judicial District Court for the

Fee_____
Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

{N0963510.1}

Parish of St. James, or alternatively, to abstain from hearing it. As set forth more fully in the accompanying memorandum in support, this case was improperly removed. There is incomplete diversity and, thus, no basis for jurisdiction under 28 U.S.C. § 1332. Also, there is no jurisdiction under 28 U.S.C. § 1334, because the Bondholders' state law claims do not "relate to" any estate under administration. In any event, equitable remand is appropriate, and, moreover, mandatory and discretionary abstention principles preclude the exercise of jurisdiction.

**WHEREFORE**, Plaintiffs Paul J. Guilliot, Gothlyn J. Reck, Bear, Stearns & Co. Inc., Silver Point Capital Fund LP, and Bank One Trust Company, N.A., successor in interest to First National Bank of Commerce, as Indenture Trustee, for the benefit of the bondholders of the outstanding bonds, respectfully requests that this Court remand this action to the Twenty-Third Judicial District Court for the Parish of St. James, or alternatively, abstain from hearing it, and award fees and costs and for all other just and equitable relief.

Respectfully submitted,

_____
ROBERT B. BIECK, JR. (#3066)
ELIZABETH J. FUTRELL (#5863)
AIMEE M. QUIRK (#27045)
Jones, Walker, Waechter, Poitevent,
    Carrère & Denègre, L.L.P.
201 St. Charles Avenue
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8011

**Attorneys for Bank One Trust
Company, N.A., as Indenture Trustee**

- and -

_(signature)_

GOTHARD J. RECK (#11415)
Uhalt and Reck, A Partnership of Law
   Corporations
634 Carondelet Street
New Orleans, Louisiana 70130-3504
Telephone: (504) 581-5444
Facsimile: (504) 524-7020

**Attorneys for Paul J. Guilliot, Gothlyn J.
Reck, Bear, Stearns & Co. Inc., and
Silver Point Capital Fund LP**

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing has been sent to the following persons via facsimile, hand delivery, or U.S. mail, properly addressed, this 17 th day of April, 2003:

_(signature)_

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| PAUL J. GUILLIOT, GOTHLYN J. RECK, | * | |
| BEAR, STEARNS & CO. INC., SILVER | * | |
| POINT CAPITAL FUND LP, AND BANK | * | CIVIL ACTION |
| ONE TRUST COMPANY, N.A., SUCCESSOR | * | |
| IN INTEREST TO FIRST NATIONAL | * | |
| BANK OF COMMERCE, AS INDENTURE | * | |
| TRUSTEE, | * | NO. 03-0797 |
| | * | |
| Plaintiffs, | * | |
| | * | SECTION T |
| versus | * | JUDGE PORTEOUS |
| | * | |
| CREDIT SUISSE FIRST BOSTON LLC, | * | |
| FORMERLY CREDIT SUISSE FIRST | * | MAGISTRATE 5 |
| BOSTON CORPORATION, FORMERLY | * | JUDGE CHASEZ |
| FIRST BOSTON CORPORATION | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF
## MOTION TO REMAND OR, ALTERNATIVELY, TO ABSTAIN

Plaintiffs Paul J. Guilliot, Gothlyn J. Reck, Bear, Stearns & Co. Inc., Silver Point Capital

Fund LP, and Bank One Trust Company, N.A., successor in interest to First National Bank of

Commerce, as Indenture Trustee, for the benefit of the bondholders of the outstanding bonds,

submit this memorandum in support of their Motion to Remand, or Alternatively, to Abstain.

This case was improperly removed, as the Court lacks subject matter jurisdiction. There is

incomplete diversity and, thus, no basis for jurisdiction under 28 U.S.C. § 1332. Also, there is no jurisdiction under 28 U.S.C. § 1334, because the Bondholders' state law claims do not "relate to" any estate under administration. In any event, equitable remand is appropriate, and, moreover, mandatory and discretionary abstention principles preclude the exercise of jurisdiction. Accordingly, the Court should remand this matter to the Twenty-Third Judicial District Court for the Parish of St. James, or alternatively, abstain from hearing it and equitably remand the matter to Louisiana state court, and award fees and costs to the Bondholders.

## BACKGROUND

This purely state law action arises out of certain representations made by Credit Suisse First Boston LLC ("CSFB"), formerly known as First Boston Corporation, in connection with the issuance of certain bonds issued by St. James Parish to fund its acquisition of a solid waste disposal facility in Gramercy, Louisiana ("Gramercy Revenue Bonds") from Kaiser Aluminum & Chemical Corporation ("KACC"). Plaintiffs Paul J. Guilliot, Gothlyn J. Reck, Bear, Stearns & Co. Inc., Silver Point Capital Fund LP, among others, purchased and/or currently own Gramercy Revenue Bonds (the "Individual Bondholders"), and Bank One Trust Company, N.A. ("Bank One"), successor in interest to First National Bank of Commerce, serves as Indenture Trustee for the bond indenture (collectively, the "Bondholders").

CSFB was the underwriter for the Gramercy Revenue Bonds. As underwriter, CSFB represented to offerees of the Gramercy Revenue Bonds that KACC was to designate the Gramercy Revenue Bonds as "Senior Indebtedness" with respect to subordinated notes subsequently issued by KACC. That "Senior Indebtedness" designation would have entitled the Bondholders to preferential payment. CSFB also acted as an underwriter for the subsequently-issued subordinated notes. In a prospectus issued for the subordinated notes, CSFB again

represented that KACC was to designate the Gramercy Revenue Bonds as "Senior Indebtedness."

Purchasers of the Gramercy Revenue Bonds relied on CSFB's representations in connection with the sale of the Gramercy Revenue Bonds. Yet despite CSFB's express representations, the Bondholders subsequently learned that KACC may have failed to designate the Gramercy Revenue Bonds as "Senior Indebtedness." The alleged absence of a "Senior Indebtedness" designation has diminished and may further diminish substantially the value of the Gramercy Revenue Bonds.

Accordingly, on February 11, 2003, the Bondholders filed this suit against CSFB in the Twenty-Third Judicial District Court for the Parish of St. James, State of Louisiana, asserting three state law claims – specifically, violations of Louisiana Civil Code article 2315 and the Louisiana Blue Sky Law and breach of contract and/or quasi-contract. The Bondholders did not allege any claims against KACC, which had previously filed for bankruptcy relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

CSFB thereafter removed the action to this Court pursuant to 28 U.S.C. § 1452(a) on the basis that this action is related to the bankruptcy of KACC, for which there is bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334(b). CSFB also predicated removal on 28 U.S.C. § 1441, asserting that the Individual Bondholders were fraudulently joined, and thus that diversity jurisdiction is present under 28 U.S.C. § 1332. Nevertheless, as shown below, neither bankruptcy nor diversity jurisdiction exists in this case.

## LAW AND ARGUMENT

The removing party, here CSFB, bears the burden of showing that federal jurisdiction exists and that removal was proper. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Moreover, any ambiguities are construed against removal; the removal statute should be strictly construed in favor of remand. *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989).

### I. Diversity Jurisdiction

#### A. No Complete Diversity Exists for 28 U.S.C. § 1441 Removal.

CSFB claims that diversity jurisdiction is present pursuant to 28 U.S.C. § 1332. For diversity jurisdiction to exist, diversity must be complete; the citizenship of all plaintiffs must be different from that of all defendants. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). CSFB is a citizen of Delaware and New York. Some of the Individual Bondholders share CSFB's New York and Delaware citizenship, and complete diversity does not exist.

In an attempt to avoid this bar, CSFB asserts that fraudulent joinder of the Individual Bondholders requires this Court to disregard their citizenships to determine whether diversity jurisdiction exists. This argument fails, because CSFB cannot demonstrate fraudulent joinder of the Individual Bondholders. Moreover, even assuming fraudulent joinder of the Individual Bondholders, complete diversity does not exist between Bank One and CSFB.

#### B. The Doctrine of Fraudulent Joinder Does Not Apply to Exclude Claims of Plaintiffs.

CSFB's removal of this case is predicated on the alleged fraudulent joinder of certain *plaintiffs*, but the doctrine of fraudulent joinder does not apply to exclude the claims of plaintiffs. *See Garbie v. Daimlerchrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) ("Neither § 1332 nor

any case of which we are aware provides that defendants may discard plaintiff in order to make controversies removable."); *Johnston Indus., Inc. v. Milliken & Co.*, 45 F. Supp. 2d 1308, 1312 (M.D. Ala. 1999) ("[T]he application of the doctrine of fraudulent joinder does not extend to include the alleged fraudulent joinder of a plaintiff."). Before directly proceeding to federal court on the basis that the Individual Bondholders cannot state a claim for relief, CSFB should have first moved to dismiss them in state court. *See Johnston Indus.*, 45 F. Supp. 2d at 1312 n.4. This Court should not extend the doctrine of fraudulent joinder to allow CSFB to attempt to do in federal court what it first should have done in state court.

### C.    CSFB Has Failed to Satisfy Its Burden of Proving Fraudulent Joinder.

Even assuming that the doctrine applies in this case, CSFB has failed to demonstrate fraudulent joinder. It is well settled that a removing party bears a heavy burden of proving fraudulent joinder. *Sid Richardson Co. v. Interentergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996); *see B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Dec. 1981) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."); *Alonzo v. Louisiana*, 02-2792, 2002 WL 31654918, at *4 (E.D. La. Nov. 21, 2002) ("Where charges of fraudulent joinder are used to establish federal jurisdiction, the removing party has the burden of proving the claimed fraud."). The standard for determining fraudulent joinder is well established in the Fifth Circuit:

> To prove that non-diverse parties have been fraudulently joined in order to defeat diversity, the removing party must demonstrate either 'outright fraud in the plaintiff's recitation of jurisdictional facts,' . . . or that 'there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.'

*Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997) (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)).

In this case, CSFB does not allege outright fraud. Accordingly, "only the second rule is at issue here." *Id.* In this regard, the federal courts:

> evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, **resolving all contested issues of substantive fact in favor of the plaintiff** and 'examine relevant state law **and resolve all uncertainties in favor of the non-moving party.**'

*Id.* (emphasis added) (citing *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205-06 (5th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984)). In conducting this analysis courts should not "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but [should] look only for a possibility that the plaintiff may do so . . . ." *Id.* "The question, then, is simply whether the defendant can show that no possibility exists that the plaintiffs have stated a claim against [the in-state defendant]." *Id.*

To determine whether the defendant has satisfied this "heavy" burden, the Fifth Circuit has "endorsed a summary judgment-like procedure for reviewing fraudulent joinder claims," and has urged courts to "consider 'summary judgment-type evidence such as affidavits and deposition testimony' when reviewing a fraudulent joinder claim." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999); *see also LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992). Thus, although the Court may "'pierce the pleadings'" to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact, but rather should make a summary determination by resolving all disputed facts in favor of the plaintiff." *Alonzo*, 2002 WL 31654918, at *4; *see also B., Inc.*, 663 F.2d at 550 ("[The] jurisdictional inquiry must not subsume substantive determination.").

In its notice, CSFB wholly fails to meet its burden of proving that the Individual Bondholders were fraudulently joined. To the contrary, the Individual Bondholders have far more than a mere "possibility" of stating a claim against CSFB. The petition states a cause of action on behalf of the Individual Bondholders in each of its three counts. If there is "any possibility" that the Individual Bondholders can establish a cause of action against CSFB under *any one* of these three counts, CSFB's claim of fraudulent joinder must fail.

Count I alleges CSFB's violation of Louisiana Civil Code article 2315, resulting in damage to the Individual Bondholders. *See* Petition ¶¶ 27-28. Count II alleges that CSFB violated the Louisiana Blue Sky Law, La. Rev. Stat. § 51:701, et seq., section 51:714(A) of which provides that "[a]ny person who violates R.S. 51:712(A) shall be liable to the person buying such security, and such buyer may sue in any court to recover the consideration paid." La. Rev. Stat. § 51:714(A). *See* Petition ¶¶ 33-36. This cause of action is properly vested directly in the Individual Bondholders who were "the persons buying" the Bonds, thereby entitling them to assert claims under the Louisiana Blue Sky Law. Finally, Count III alleges breach of contract and/or quasi-contract, and detrimental reliance by plaintiffs upon certain of CSFB's representations, particularly the reliance by the Individual Bondholders in buying the Bonds. *See* Petition ¶¶ 41-44.

Without question, the Individual Bondholders have clearly alleged three separate counts which state claims upon which relief can be granted and have far more than just a "possibility" that they will establish a cause of action against CSFB. CSFB has failed to carry its burden of proving that they have been fraudulently joined. Thus, diversity jurisdiction is not present here.

**D. Complete Diversity Does Not Exist Between Bank One and CSFB.**

Bank One is a national banking association. Title 28 U.S.C. § 1348 provides that "national banking associations are deemed citizens of the states in which they are respectively located." Under this provision, the majority view is that a national banking association is "located" "where it has a 'substantial presence' or branch banks." *Frontier Ins. Co. v. MTN Owner Trust*, 111 F. Supp. 2d 376, 380 (S.D.N.Y. 2000); *see also Norwest Bank Minnesota, N.A. v. Patton*, 924 F. Supp. 114, 115 (D. Colo. 1996); *Bank of New York v. Bank of America*, 861 F. Supp. 225, 230 (S.D.N.Y. 1994).

Bank One has a trust office located in New York. *See* Declaration Under 28 U.S.C. § 1746 of Donna J. Parisi, attached hereto as Exhibit "A," ¶ 8.[1] There are nine employees working in the New York office. *See id.* ¶ 8. Like the national bank association in *Frontier*, which had six employees in its New York office, Bank One "is in business in New York." *See Frontier*, 111 F. Supp. 2d at 380. Accordingly, Bank One has a "substantial presence" in New York, and thus is deemed to be a citizen of New York. Because CSFB and Bank One share a New York citizenship, complete diversity is lacking. Therefore, there is no jurisdiction under 28 U.S.C. § 1332 and this case must be remanded.

**II. Bankruptcy Jurisdiction**

CSFB removed this case under 28 U.S.C. § 1452(a), which authorizes removal of a case where there is bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334. Removal on this basis was improper, and four independent grounds authorize this Court to remand this case to state court.

---

[1] Moreover, contrary to CSFB's allegations in its notice, Bank One's principal place of business is in Columbus, Ohio. *See* Declaration Under 28 U.S.C. § 1746 of Donna J. Parisi, attached hereto as Exhibit "A," ¶ 5. As a national banking association, Bank One is not incorporated by any state, but the state listed in its organization certificate pursuant to 12 U.S.C. § 22 is also Ohio. *See id.* ¶ 6.

First, bankruptcy jurisdiction is not present in this purely state law, third-party action. Second, even if this Court finds bankruptcy jurisdiction to exist, it should nevertheless remand on the basis of equity. Third, mandatory abstention compels this Court to decline to exercise jurisdiction here. Finally, this Court should abstain from hearing this case on discretionary grounds.

### A. Removal Pursuant to 28 U.S.C. § 1452(a) Was Improper Because Bankruptcy Jurisdiction Under 28 U.S.C. § 1334 Does Not Exist for the Claims Asserted in This Case.

Bankruptcy jurisdiction is highly circumscribed and is wholly "grounded in and limited by statute." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). Specifically, 28 U.S.C. § 1334(b) grants original, but not exclusive, jurisdiction to district courts and adjunct bankruptcy courts to entertain proceedings "arising under," "arising in a case under," or "related to" a case under Title 11 of the United States Code. *Bass v. Denney* (*In re Bass*), 171 F.3d 1016, 1022 (5th Cir. 1999); *Kim Susan, Inc. v. Service Marine Indus., Inc.*, No. 99-2110, 1999 WL 689989, at *4 (E.D. La. Aug. 31, 1999).

In its notice of removal, CSFB does not allege that this case is a "core" proceeding that "arises under" Title 11 or "arises in" a case under Title 11. And it cannot: This purely state law action "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy" and thus is not a core proceeding. *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 97 (5th Cir. 1987); *see also, e.g., Robin Towing Corp. v. Defelice*, No. 97-146, 1987 WL 26048, at *4 (E.D. La. Nov. 30, 1987) ("[T]he plaintiffs' complaint in this action is in contract and involves a state law claim that is 'not based on any right created by the federal bankruptcy law' and 'is not a proceeding that could arise only in the context of a bankruptcy'"); *Key Bank U.S.A. v. First Union Nat'l Bank of Fla.*, 234 B.R. 827, 832 (M.D. Fla. 1999) ("[a]

state cause of action, had there been no bankruptcy, that could proceed in state court is not a core proceeding").

Instead, CSFB alleges only that the case is a "non-core" proceeding which is "related to" the KACC bankruptcy. Specifically, CSFB asserts that this case is related to KACC's bankruptcy because the complaint purportedly alleges that KACC "failed to honor its obligations and allegedly misrepresented its intentions," and CSFB is allegedly entitled to indemnity from KACC for any liability incurred by CSFB in this litigation. *See* Notice of Removal ¶¶ 3-4. But, as shown below, the purely state law claims in this case are not "related to" any estate under administration.

Contrary to the sweeping application CSFB gives to "related to" jurisdiction in its notice, "related to" jurisdiction is not limitless. *See Celotex*, 514 U.S. at 308; *Feld v. Zale Corp.* (*In re Zale Corp.*), 62 F.3d 746, 752 (5th Cir. 1995). Indeed, the meaning of "related to" in the context of bankruptcy jurisdiction "is not as broad as it is in ordinary parlance where it means 'having some connection with.'" *In re Bass*, 171 F.3d at 1022. "The distinction is that, for purposes of bankruptcy jurisdiction, there is a *cause* component in 'related to.'" *Id.* "'[A]s a dispute becomes progressively more remote from the concerns of the body of federal law claimed to confer federal jurisdiction over it, the federal interest in furnishing the rule of decision for the dispute becomes progressively weaker.'" *In re Zale Corp.*, 62 F.3d at 752 (quoting *Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 162 (7th Cir. 1994)). For there to be "related to" jurisdiction, therefore, "some nexus must exist between the related civil proceeding and the Title 11 case." *Id.*

Thus, an action is "related to" a bankruptcy "'if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and . . . in any

way impacts upon the handling and administration of the bankruptcy estate." *In re Bass*, 171 F.3d at 1022 (quoting *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995)). The Fifth Circuit has held that this test for establishing jurisdiction is conjunctive: "For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, **and** (2) have an effect on the administration of the estate." *Id*. (emphasis added).

Because this action could not possibly alter the rights of the debtor or have an effect on the administration of the estate, no bankruptcy jurisdiction exists and the case must be remanded. As an initial matter, the debtor, KACC is not a party to this action; instead, this is merely a third-party action. As the Fifth Circuit has noted, "a large majority of cases reject the notion that bankruptcy courts have 'related to' jurisdiction over third-party actions." *In re Zale Corp.*, 62 F.3d at 753 (citing cases). When the asset in question is not property of the estate and the dispute has no effect on the estate, courts routinely hold that a third-party action does not create "related to" jurisdiction. *See id*. Notably, "[s]hared facts between the third-party action and a debtor-creditor conflict do not in and of themselves suffice to make the third-party action 'related to' the bankruptcy." *Id*.

CSFB's contention that the petition alleges that KACC "failed to honor its obligations and allegedly misrepresented its intentions" thus fails to show the requisite causal relationship between this case and KACC's Title 11 case. The subject petition alleges absolutely no liability by and seeks no damages against KACC, and therefore could not possibly alter KACC's rights and obligations. Even more remote is the possibility that this dispute would affect the administration of KACC's estate. The Bondholders' claims in this suit focus solely on the damages occasioned by CSFB' failure to honor *its* obligations as underwriter. Even if any

failure by KACC to honor its obligations is relevant to the question of CSFB's dereliction of duty as alleged, KACC's rights and obligations will not be compromised by these proceedings: the outcome of this suit, and any attendant findings, cannot bind KACC as a non-party. Thus, in any subsequent suit brought against it by CSFB for indemnification or otherwise, KACC would retain all rights and defenses it currently has. That there may be such minimal factual overlap between the present dispute with CSFB and any future dispute with KACC is insufficient to show the presence of "related to" jurisdiction.

The claimed indemnity agreement between KACC and CSFB, proof of which did not accompany CSFB's notice of removal, does not create "related to" jurisdiction. In *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), the court rejected the contention that a defendant's possible claim for indemnification against a bankruptcy debtor affected the debtor's estate such that "related to" jurisdiction was present. The court reasoned that any judgment received against the defendant "could not itself result in even a contingent claim against [the debtor], since [the defendant] would still be obligated to bring an entirely separate proceeding to receive indemnification," explaining further that

> At best, [this action] is a mere precursor to the potential third party claim for indemnification by [the defendant] against [the debtor]. Yet the outcome of the litigation would in no way bind [the debtor], in that it could not determine any rights, liabilities, or course of action, of the debtor. . . . Even if [this] dispute is resolved in favor of [the plaintiff], . . . [the debtor] would still be able to relitigate any issue, or adopt any position, in response to a subsequent claim by [the defendant].

*Id.* at 995. Based on the same reasoning, the court in *Retirement Systems of Ala. v. JP Morgan & Chase Co.*, 285 B.R. 519, 527-29 (M.D. Ala. 2002), refused to find "related to" jurisdiction on the basis of an underwriter's indemnity agreement with the debtor.

Just as in *Pacor* and *JP Morgan & Chase*, no "related to" jurisdiction exists by virtue of any indemnification agreement in CSFB's favor. No judgment for the Bondholders would affect the administration of the KACC bankruptcy estate, because that judgment would not automatically affect KACC. Rather, CSFB will have to bring an entirely separate proceeding against KACC for indemnification, in which issues of the agreement's enforceability and applicability, among others, will have to be resolved before the imposition of any liability on KACC. Moreover, no judgment rendered in this action can bind KACC; KACC will be able to relitigate any issue decided here. In short, the existence of an indemnity agreement is insufficient to show that KACC's rights and obligations are altered, much less that there is any consequent effect on the administration of KACC's estate. At best, this action is a mere precursor to further litigation over the indemnity agreement between CSFB and KACC. "Where a lawsuit's potential effect on a bankruptcy estate is 'speculative and premature,' then such a case fails to warrant federal bankruptcy related to jurisdiction." *JP Morgan & Chase*, 285 B.R. at 529.

In sum, CSFB has failed to discharge its burden to show that "related to" jurisdiction is indeed present. Accordingly, 28 U.S.C. § 1452(a) did not provide a basis for removal of this action and remand to state court is warranted.

**B.    The Case Should Be Remanded on Equitable Grounds.**

Cases removed under 28 U.S.C. § 1452, such as this one, may be remanded "on any equitable ground." 28 U.S.C. § 1452(b). The equitable remand in bankruptcy affords the Court "much more discretion when ordering remand in bankruptcy than under the general removal statute." *Tyner v. Wilson*, No. 95-2309, 1995 WL 542481, at *3 (E.D. La. Sept. 12, 1995) (citing *Browning v. Navarro*, 743 F.2d 1069, 1076, n. 21 (5th Cir. 1984)); *Seal v. Owens & O-M*

*Management Group, Inc.*, 134 B.R. 181, 184 (E.D. La. 1991) (citing *Browning*). Where, as here, a party removes a non-core matter, solely grounded in state law and at best, "related to" a pending bankruptcy, courts in this and other circuits routinely remand the matter to the originating state court on equitable grounds. *See, e.g.*, *In re Sun Drilling Prods.*, No. 99-3490, 2000 WL 461687, at *2 (E.D. La. Apr. 19, 2000).

Although 28 U.S.C. § 1452(b) does not define what is "equitable," the term "signals that which is reasonable, fair, or appropriate." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 133 (1995) (Ginsburg, J., concurring). In the Fifth Circuit, the factors relevant to "equitable remand" include:

> (1) forum non conveniens; (2) if the civil action was bifurcated, the entire action should be tried in the same court; (3) a state court is better able to respond to state law questions; (4) the expertise of a particular court; (5) the duplicative or wasteful use of judicial resources; (6) the prejudice to the involuntarily removed parties; (7) comity issues; and (8) a diminished likelihood of inconsistent results.

*In re Sun Drilling*, 2000 WL 461687, at *2 (citing *Browning*, 743 F.2d at 1076 n.21); *Hills v. Hernandez*, 1998 WL 241518, *2 (E.D. La. 1998). Principal among these is that the choice of forum by the debtor or its successor should be respected. *See, e.g.*, *In re Biglari Import & Export, Inc.*, 142 B.R. 777, 781 (Bankr. W.D. Tex. 1992) ("With regard to a request for remand under § 1452(b), the bankruptcy court may remand or not remand on any equitable grounds, bearing in mind the primacy of the trustee's entitlement to select the forum in which to pursue a given cause of action").

These factors suggest that equitable remand is appropriate here. Because only state law is involved in this action, a state court "seems more appropriate for resolving the case, and . . . the result reached will more likely be consistent with other state law decisions.'" *In re Sun Drilling*, 2000 WL 461687, at *2 (quoting *KSJ Dev. Co. v. Lambert*, 223 B.R. 677, 680 (E.D. La.

1998)). In addition, comity is "'a "vital consideration" the Supreme Court has defined as "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fair best if the States and their institutions are left free to perform their separate functions in their separate ways."'" *Id.* (quoting *KSJ*, 223 B.R. at 680). The application of comity in the judicial context "'requires a federal respect for state courts' competency to conduct proceedings and enter judgments.'" *Id.* (quoting *KSJ*, 223 B.R. at 680 & n.5).

These principles apply in this case and indicate that the resolution of the Bondholders' state law claims against CSFB, a nondebtor, should be left to the state court. Thus, as it did in *In re Sun Drilling*, this Court should exercise its discretionary power to remand the case on equitable grounds pursuant to 28 U.S.C. § 1452(b).

### C.     Mandatory Abstention Precludes the Exercise of Jurisdiction in This Case.

Even if this Court finds that this purely state law litigation is "related to" KACC's Chapter 11 case, and that equitable principles do not warrant remand, it must abstain.[2] As provided in § 1334(c)(2), district courts **shall** abstain from exercising jurisdiction over a controversy "related to" a bankruptcy when:

> (1) the motion must be made timely; (2) the claim must be based on state law and is only "related to" the case under title 11; (3) the claim could not have been brought in federal court, absent the court's bankruptcy jurisdiction; and (4) the court finds that a timely resolution of the claim can occur in state court.

---

[2] Despite some earlier disagreement among some district and bankruptcy courts, the Fifth Circuit has resolved the conflict by holding that abstention principles do apply to cases removed to federal court on the basis of bankruptcy jurisdiction. *See Southmark Corp. v. Coopers & Lybrand (In re Southmark)*, 163 F.3d 925, 929 (5th Cir. 1999) (rejecting "out of hand" the assertion that statutory abstention does not apply in cases of removal, and explaining that "[t]here is no textual support in the statute for this position, only a handful of bankruptcy court opinions support it, and the vast majority of courts hold otherwise").

*In re Sun Drilling*, 2000 WL 461687, at *3; *O'Rourke v. Cairns*, 129 B.R. 87, 90 (E.D. La. 1991).

All four criteria for mandatory abstention are satisfied here. First, the Bondholders' motion is timely, as they moved to abstain within 30 days after the removal of this action. *See, e.g.*, *In re Sun Drilling*, 2000 WL 461687, at *3 (motion filed within 30 days of removal is timely filed); *O'Rourke*, 129 B.R. at 91 (motion filed within one month of removal is timely). Second, the claims in this case are based purely on Louisiana state law, and the only arguable basis for bankruptcy jurisdiction (which the Bondholders contest) is "related to" jurisdiction. Third, because there is no other valid basis for this Court's jurisdiction (as demonstrated above, diversity jurisdiction is not present), the action could not have been commenced in this Court. Finally, an action has been commenced in state court and can be timely adjudicated there. Cases pending in the Twenty-Third Judicial Court for the Parish of St. James typically proceed to trial within three to four months after the completion of discovery. *See* Affidavit of Edmond E. Kilner, Jr., attached hereto as Exhibit "B," ¶ II. Moreover, there is presently no backlog on the civil docket of the Judge to whom this action was allotted. *See id.* ¶ IV. Accordingly, just as it did in *In re Sun Drilling*, this Court must abstain pursuant to 28 U.S.C. § 1334(c)(2) and remand to state court.

### D.     This Court Should Abstain on Discretionary Grounds.

Alternatively, this Court should abstain "in the interest of justice or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1); *see also In re Wood*, 825 F.2d at 93 ("[28 U.S.C. § 1334(c)(1)] grants the district court broad power to abstain wherever appropriate . . . ."). In deciding whether to abstain on discretionary grounds, the Court may consider:

(1)    the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;

(2)    the extent to which state law issues predominate over bankruptcy issues;

(3)    the difficulty or unsettled nature of the applicable state law;

(4)    the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5)    the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6)    the degree of readiness or remoteness of the proceeding to the main bankruptcy case;

(7)    the substance rather than form of an asserted "core" proceeding;

(8)    the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with the enforcement left to the bankruptcy court;

(9)    the burden upon the docket;

(10)   the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11)   the existence of a right to a jury trial; and

(12)   the presence in the proceeding of nondebtor parties.

*Kim Susan*, 1999 WL 689989, at *5-*6.

Application of these factors counsels in favor of abstention here. First, state law claims and state issues predominate over the bankruptcy issues. Indeed, the petition alleges only state law claims, violations of Louisiana Civil Code article 2315 and the Louisiana Blue Sky Law and breach of contract and/or quasi-contract. Second, there is no valid jurisdictional basis for the maintenance of this action in federal court other than 28 U.S.C. § 1334. Further, the action is, at most, merely "related to" a case under title 11 is thus "non-core." As such, the degree of relatedness to the main bankruptcy case pending in Delaware is remote. Finally, the debtor is not a party to this proceeding; the parties consist entirely of nondebtors.

Any relationship of this purely state law, third-party action to KACC's bankruptcy is, at best, so tenuous that the docket of this Court should not by burdened with it, particularly where, this action can be litigated before the state court. Accordingly, this Court should exercise its discretionary authority to abstain from hearing this case and remand it to state court for further proceedings.

**III.    The Bondholders Are Entitled to Their Reasonable Fees and Costs Incurred in Responding to the Notice of Removal.**

District courts are authorized to award "just costs" to a prevailing plaintiff where the court determines that "the case was removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c). This award, which is entirely in the discretion of the Court, can be made absent any specific findings of bad faith or frivolousness. *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *News-Texas, Inc. v. City of Garland, Texas*, 814 F.2d 216, 220 (5th Cir. 1987). The Bondholders should not be burdened with the expense of CSFB's improvident removal, and accordingly request that this Court award it its fees and costs in responding to the notice of removal.

## CONCLUSION

For the foregoing reasons, this Court should remand this matter to the Twenty-Third Judicial District Court for the Parish of St. James, or alternatively, abstain from hearing it, and award fees and costs to the Bondholders.

Respectfully submitted,

*[signature: Aimee M. Quirk]*

ROBERT B. BIECK, JR. (#3066)
ELIZABETH J. FUTRELL (#5863)
AIMEE M. QUIRK (#27045)
Jones, Walker, Waechter, Poitevent,
    Carrère & Denègre, L.L.P.
201 St. Charles Avenue
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8011

**Attorneys for Bank One Trust
Company, N.A., as Indenture Trustee**

- and -

*[signature: Gothard J. Reck]*

GOTHARD J. RECK (#11415)
Uhalt and Reck, A Partnership of Law
    Corporations
634 Carondelet Street
New Orleans, Louisiana 70130-3504
Telephone: (504) 581-5444
Facsimile: (504) 524-7020

**Attorneys for Paul J. Guilliot, Gothlyn J.
Reck, Bear, Stearns & Co. Inc., and
Silver Point Capital Fund LP**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been sent to the following persons via facsimile, hand delivery, or U.S. mail, properly addressed, this ___th day of April, 2003:

*[signature: Aimee M. Quirk]*

N0963121.1

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

PAUL J. GUILLIOT, GOTHLYN J. RECK,     \*
BEAR, STEARNS & CO. INC., SILVER     \*
POINT CAPITAL FUND LP, AND BANK     \*     **CIVIL ACTION**
ONE TRUST COMPANY, N.A., SUCCESSOR     \*
IN INTEREST TO FIRST NATIONAL     \*
BANK OF COMMERCE, AS INDENTURE     \*
TRUSTEE,     \*     **NO. 03-0797**
    \*
        **Plaintiffs,**     \*
    \*     **SECTION T**
**versus**     \*     **JUDGE PORTEOUS**
    \*
CREDIT SUISSE FIRST BOSTON LLC,     \*
FORMERLY CREDIT SUISSE FIRST     \*     **MAGISTRATE 5**
BOSTON CORPORATION, FORMERLY     \*     **JUDGE CHASEZ**
FIRST BOSTON CORPORATION     \*
    \*
        **Defendant.**     \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DECLARATION UNDER 28 U.S.C. § 1746 OF DONNA J. PARISI

**NOW COMES** Donna J. Parisi, who, under penalty of perjury, declares as follows:

1.     I am a person of the full age of majority.

2.     I am employed as an Account Executive in the Fiduciary Workout Services Department of Bank One Trust Company, N.A. I have held this position for approximately two years.



3.     This Declaration is based on information provided to me through the legal department and other personnel of Bank One Trust Company, N.A.

4.     Bank One Trust Company, N.A. is a national banking association, chartered under the laws of the United States of America.

5.     Bank One Trust Company, N.A.'s principal place of business is in Columbus, Ohio.

6.     The state listed in Bank One Trust Company, N.A.'s organization certificate pursuant to 12 U.S.C. § 22 is Ohio.

7.     Bank One Trust Company, N.A. is not domiciled in Wisconsin, and its principal place of business is not in Illinois.

8.     Bank One Trust Company, N.A. maintains a trust office in the State of New York located at 153 West 51st Street, New York, New York 10019. There are nine employees working in the New York office.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of April, 2003.

_____
DONNA J. PARISI

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

PAUL GUILLOT, GOTHLYN J. RECK,      \*    CIVIL ACTION
BEAR, STERNS & CO., INC., SILVER     \*
POINT CAPITAL FUND LP, and BANK    \*
ONE TRUST COMPANY, N.,A.,            \*
SUCCESSOR IN INTEREST TO FIRST    \*    NO. 03-0797
NATIONAL BANK OF COMMERCE,       \*
AS INDENTURE TRUSTEE,          \*
                                       \*
          Plaintiffs,        \*
                                       \*    SECTION "T"
VERSUS                            \*
                                       \*
CREDIT SUISSE BOSTON LLC.,       \*
FORMERLY CREDIT SUISSE FIRST     \*    MAGISTRATE NO. 5
BOSTON CORPORATION, FORMERLY     \*
FIRST BOSTON CORPORATION,       \*
                                       \*
          Defendants        \*
                                       \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## A F F I D A V I T

STATE OF LOUISIANA

PARISH OF ST. JAMES

     BEFORE ME, the undersigned authority in and for the above Parish and State, personally came and appeared:

            EDMOND E. KINLER, JR.

who did depose and say:

                I.

     He is the Clerk of the Twenty-Third Judicial District Court, Parish of St. James, State of Louisiana.

EXHIBIT

tabbies®

23

## II.

Based upon his tenure, knowledge and experience as clerk of said court, civil litigation is timely adjudicated, and after the completion of discovery, civil matters normally proceed to trial within three (3) to four(4) months.

## III.

He is personally aware that civil action filed in this Twenty-Third Judicial District entitled, Paul Guilliot, et al v. Credit Suisse First Boston, LLC, No. 28784 has been randomly assigned to Judge Alvin Turner, Jr., Division E.

## IV.

He is also personally aware that the civil docket of Judge Alvin Turner, Jr. Division E, presently has no backlog whatsoever.

_____
EDMOND E. KINLER, JR.

SWORN TO AND SUBSCRIBED

BEFORE ME THIS _11_ DAY

OF APRIL, 2003.

_____
NOTARY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

PAUL J. GUILLIOT, GOTHLYN J. RECK,     *
BEAR, STEARNS & CO. INC., SILVER     *
POINT CAPITAL FUND LP, AND BANK     *    **CIVIL ACTION**
ONE TRUST COMPANY, N.A., SUCCESSOR     *
IN INTEREST TO FIRST NATIONAL     *
BANK OF COMMERCE, AS INDENTURE     *
TRUSTEE,     *    **NO. 03-0797**
   *
             **Plaintiffs,**    *
   *    **SECTION T**
versus    *    **JUDGE PORTEOUS**
   *
CREDIT SUISSE FIRST BOSTON LLC,     *
FORMERLY CREDIT SUISSE FIRST     *    **MAGISTRATE 5**
BOSTON CORPORATION, FORMERLY     *    **JUDGE CHASEZ**
FIRST BOSTON CORPORATION     *
   *
             **Defendant.**    *
*********************************************

## NOTICE OF HEARING

    **PLEASE TAKE NOTICE** that Plaintiffs Paul J. Guilliot, Gothlyn J. Reck, Bear, Stearns

& Co. Inc., Silver Point Capital Fund LP, and Bank One Trust Company, N.A., successor in

interest to First National Bank of Commerce, as Indenture Trustee, for the benefit of the

bondholders of the outstanding bonds, will bring their Motion to Remand, or Alternatively, to

Abstain for hearing on Wednesday, May 7, 2003, at 10:00 a.m., or as soon thereafter as counsel

may be heard, before the Honorable G. Thomas Porteous, Jr., at the United States District Court for the Eastern District of Louisiana, 500 Camp Street, New Orleans, Louisiana.

Respectfully submitted,

_Aimee M. Quirk_

ROBERT B. BIECK, JR. (#3066)
ELIZABETH J. FUTRELL (#5863)
AIMEE M. QUIRK (#27045)
Jones, Walker, Waechter, Poitevent,
    Carrère & Denègre, L.L.P.
201 St. Charles Avenue
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8011

**Attorneys for Bank One Trust
Company, N.A., as Indenture Trustee**

- and -

_Gothard J. Reck_

GOTHARD J. RECK (#11415)
Uhalt and Reck, A Partnership of Law
    Corporations
634 Carondelet Street
New Orleans, Louisiana 70130-3504
Telephone: (504) 581-5444
Facsimile: (504) 524-7020

**Attorneys for Paul J. Guilliot, Gothlyn J.
Reck, Bear, Stearns & Co. Inc., and
Silver Point Capital Fund LP**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been sent to the following persons via facsimile, hand delivery, or U.S. mail, properly addressed, this 17th day of April, 2003: