## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PAUL J. GUILLOT, ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                                    **NO. 03-0797**

**CREDIT SUISSE BOSTON, L.L.C.,**                             **SECT. "T" (5)**
**FORMERLY CREDIT SUISSE FIRST**
**BOSTON CORPORATION, FORMERLY**
**FIRST BOSTON CORPORATION**


Currently pending before the Court is a Motion to Remand filed on behalf of the plaintiffs,

Paul Guilliot, Gothlyn J. Reck, Bear, Sterns & Co. Inc., Silver Point Capital Fund L.P., and Bank

One Trust Company, N.A.  The Court, having considered the memoranda filed, the Court record,

the law and applicable jurisprudence, is fully advised in the premises and ready to rule.


## ORDER AND REASONS

### I.  BACKGROUND:

This suit arises out of two separate debt issuances, both underwritten by Defendant, Credit

Suisse First Boston, L.L.C. ("CSFB").  The first was a municipal bond issuance by St. James Parish

of  "Gramercy Revenue Bonds" to fund the Parish's acquisition of a solid waste disposal facility

from Kaiser Aluminum & Chemical Corporation ("Kaiser").  Plaintiffs, the individual bondholders

and the Trustee of the bond indenture, allege that the Defendant, as underwriter of the bonds,

1

represented that the municipal bond repayment obligation was secured not only by the full faith and credit of the Parish, but also by an agreement between the Parish and Kaiser.  This agreement provided that Kaiser would pay the bond obligation on behalf of the Parish.  CSFB also acted as an underwriter for a number of subordinate bonds subsequently issued by Kaiser.

Plaintiffs further allege that the Defendant represented that the Gramercy Revenue Bonds were to be designated as "Senior Indebtedness" by Kaiser with respect to subsequently issued subordinate bonds, thereby giving the municipal bond repayment obligation preferential status. Plaintiffs submit that Kaiser did not, in fact, designate the Gramercy Revenue Bonds as "Senior Indebtedness," and, thus, the municipal bonds were not entitled to any preferential status over the subordinate bonds.  Plaintiffs assert that this failure to comply with the representations made in the municipal bond issuance damaged their position as holders of the municipal bonds and substantially diminished the value of the bonds.

On February 11, 2003, the indenture trustee and individual bondholders filed suit  in the Twenty-Third Judicial District Court for the Parish of St. James, State of Louisiana asserting violations of Louisiana Civil Code article 2315, the Louisiana Blue Sky Law and a breach contract by CSFB.  Thereafter, upon motion by CSFB, the action was removed to this Court pursuant to 28 U.S.C. § 1452(a) on the basis that the action was related to the bankruptcy of Kaiser, for which there is bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334(b).  CSFB's motion for removal was also predicated on the 28 U.S.C. § 1441, asserting that the individual bondholders were fraudulently joined, and thus that diversity jurisdiction is present under 28 U.S.C. § 1332.  Plaintiffs then filed the instant Motion to Remand or Alternatively, to Abstain.

2

## II.  ARGUMENTS OF THE RESPECTIVE PARTIES:

### A.  Arguments of the Plaintiff in Support of Remand

Plaintiffs contend that this matter was improperly removed, claiming that this Court lacks subject matter jurisdiction.  Specifically, Plaintiffs assert incomplete diversity, and, thus, no basis for jurisdiction under 28 U.S.C. § 1332.  Also, Plaintiffs submit that the claims do not relate to Kaiser's bankruptcy proceeding, and, therefore, jurisdiction under 28 U.S.C. § 1334 does not exist. Furthermore, Plaintiffs assert that principles of mandatory and discretionary abstention  preclude the Court's exercise of jurisdiction.

In support of the claim that diversity jurisdiction does not exist, Plaintiffs argue that certain individual bondholders, Bank One Trust Company N.A. ("Bank One") and CSFB share New York citizenship.  First, Plaintiffs assert that the individual bondholders are not fraudulently joined, as suggested in the Defendant's Notice of Removal.  Plaintiffs argue that the doctrine of fraudulent joinder does not apply to exclude the claims of plaintiffs, citing Garbie v. Daimlerchrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000).  Even if it does apply, Plaintiffs contend that CSFB cannot meet its burden of proving fraudulent joinder, that "no possibility exists that the plaintiffs have stated a claim against [the in-state defendant]."  Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). Thus, Plaintiffs contend that because some of the individual bondholders share New York and Delaware citizenship with CSFB, complete diversity does not exist between the parties.

Next, even if the individual bondholders are improperly joined, Plaintiffs submit that Bank One also shares New York citizenship with CSFB.  Plaintiffs claim that Bank One is a national banking association and, as such, is considered to be a citizen of any location where it has a

substantial presence or branch banks.[1]  In furtherance of this, Plaintiffs note that Bank One has a trust office in New York where nine employees work, and therefore is a citizen of New York.  See Frontier Ins. Co. v. MTN Owner Trust, 111 F. Supp.2d 376, 380 (S.D.N.Y. 2000) (a national banking association with six employees located in New York was determined to be a citizen of New York).

Plaintiffs also assert that this action is not related to Kaiser's bankruptcy proceeding, and therefore, bankruptcy jurisdiction is not present in this purely state law, third party action as set forth in 28 U.S.C. § 1334(b).[2]  Plaintiffs argue that the meaning of "related to" in the context of bankruptcy jurisdiction "is not as broad as it is in ordinary parlance where it means "having some connection with.'" In re Bass, 171 F.3d 1016, 1022 (5th Cir. 1999).  Plaintiffs contend that the distinction in the interpretations is that, "for purposes of bankruptcy jurisdiction, there is a cause component in 'related to.'" Id.  Further, Plaintiffs note that "'as a dispute becomes progressively more remote from the concerns of the body of federal law claimed to confer federal jurisdiction over it, the federal interest in furnishing the rule of decision for the dispute becomes progressively weaker.'" In re Zale Corp., 62 F.3d 746, 752 (5th Cir. 1995)(quoting Zerand-Bernal Group, Inc. v. Cox, 23 F.3d 159, 162 (7th Cir. 1994)).  Thus, Plaintiffs contend that the instant claims are not "related to" the bankruptcy proceedings of Kaiser, and, therefore, the exercise of bankruptcy jurisdiction over the instant action is not proper.

---

[1]Plaintiffs rely on 28 U.S.C. § 1348 and the court's interpretation of it in Frontier, 111 F. Supp.2d at 380; Norwest Bank Minnesota N.A. v. Patton, 924 F. Supp. 114, 115 (D. Colo. 1996) and Bank of New York v. Bank of America, 861 F. Supp. 225, 230 (S.D.N.Y. 1994).

[2]Stating in pertinent part "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (2005).

4

**B.  Arguments of the Defendant in Opposition to Remand**

Conversely, the Defendant argues that the instant action is, in fact, "related to" the bankruptcy proceeding involving Kaiser.  Also, the Defendant asserts that diversity jurisdiction is proper, claiming that the only non-diverse bondholders were fraudulently joined.  As a result, the only proper plaintiff remaining is Bank One, the indenture trustee, who the Defendant submits is diverse from CSFB.  Thus, the Defendant contends that the removal of the instant action to this Court was proper.

First, CSFB asserts that bankruptcy jurisdiction is proper because the instant action is "related to" Kaiser's pending bankruptcy proceedings.  CSFB notes that the general test for "related to" jurisdiction is "whether the outcome of a [state court] proceeding could conceivably have any effect on the estate being administered in bankruptcy."  In re Prescription Home Health Care, Inc., 316 F.3d 542, 547 (5th Cir. 2002)(citing Celotex Corp. v. Edwards, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995)); In re El Paso Refinery, L.P., 302 F.3d 343, 348 (5th Cir. 2002)(quoting In Re Zale Corp., 62 F.3d at 752).  Accordingly, the Defendant submits that the question of whether notice that would have conferred senior status on the Gramercy Revenue Bonds was given by Kaiser makes these proceedings inextricably intertwined with the bankruptcy of Kaiser.

Further, CSFB asserts that the instant action is "related to" the bankruptcy of Kaiser because any losses sustained by CSFB in defense of this action are entitled to indemnification by Kaiser. Specifically, CSFB claims that Kaiser issued a Letter of Representation in which it agreed to indemnify CSFB for "any and all losses" it incurred that "arise out of or are based upon any untrue statement or alleged untrue statement of a material fact contained in the Preliminary Offering

Memorandum . . . or in the Limited Offering Memorandum, as amended or supplemented."
Therefore, CSFB asserts that any losses it would suffer in connection with this action, including
defense costs already incurred, are indemnifiable by Kaiser and, consequently, "related to" Kaiser's
bankruptcy.   See Nat'l Acceptance Co. of California v. Levin, 75 B.R. 457, 459 (D. Ariz.
1987)(bankruptcy jurisdiction was proper where the defendant was a contractual guarantor of a
bankruptcy debtor).   Similarly, CSFB notes that the Fifth Circuit has held that when a state court
action has a claim for indemnification or contribution against a debtor in bankruptcy, the action is
properly removable under "related to" jurisdiction.   See In re El Paso Refinery, L.P., 302 F.3d at
348-49; In re Canion, 196 F.3d 579, 586-877 (5th Cir. 1999)(third party litigation that might decrease
the claims against the estate is related to bankruptcy).   Thus, the Defendant asserts that bankruptcy
jurisdiction is appropriate over the instant action such that its removal to this Court was proper.

Second, the Defendant asserts that diversity jurisdiction is proper over this action to justify
its removal.   CSFB argues that the individual bondholders are contractually precluded from bringing
direct claims related to the bond indenture.   Thus, CSFB claims that the individual bondholders were
fraudulently joined to defeat diversity.   CSFB submits that the doctrine of fraudulent joinder is
available to preclude equally both fraudulently joined plaintiffs and defendants.   Miller v. Home
Depot, 199 F.Supp.2d 502, 508 (W.D. La. 2001).   CSFB maintains that if the individual bondholders
are entitled to any relief, it can only be awarded to them on a pro rata basis, by and through the
Indenture Trustee, Bank One.

The Defendant the contends that, for jurisdictional purposes, a national bank is to be treated
like a corporation.   According to 28 U.S.C. § 1348, national banks are "citizens of the States in
which they are respectively located."   In Firstar Bank, N.A. v. Faul, 253 F.3d 982 (7th Cir. 2001),

the Seventh Circuit ruled that this phrase "has been consistently interpreted by the Supreme Court to maintain jurisdictional parity between national banks and state banks or other corporations." Id. at 986 (citing Mercantile Nat'l Bank v. Langdeau, 371 U.S. 555, 565-66, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963); Petri v. Commercial Nat'l Bank, 142 U.S. 644, 650-51, 12 S.Ct. 325 (1892)). Accordingly, the Defendant asserts that, because Bank One is domiciled in Wisconsin and has a principle place of business in Illinois, it is a citizen of those two states. Conversely, CSFB submits that it is incorporated in Delaware and has a principle place of business in New York. Therefore, CSFB argues that diversity jurisdiction is proper as well. As a result, CSFB contends that the removal of the instant action to this Court is appropriate.


## III.  LAW AND ANALYSIS:

Federal courts are courts of limited jurisdiction which cannot decide cases of which there is no constitutional and statutory authority for jurisdiction. Such authority exists where a plaintiff's complaint implicates an issue governed by federal law or where there is complete diversity between all defendants and plaintiffs in the case and the amount in controversy is at least $75,000, exclusive of costs and interests. Thus, if a case is filed in state court and later removed to federal court, the federal court shall not keep the case if neither of the two bases for jurisdiction exists. See 28 U.S.C. 1447 (c); Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 101-02 (1998).

In the case presently before the Court, a Petition for Damages was filed in the Twenty-Third Judicial District Court for the Parish of St. James, State of Louisiana, and later removed to this Court by three non-diverse individual bondholders, as well as the Indenture Trustee, Bank One, against CSFB, a corporation with dual citizenship in Delaware and New York. According to the Trust

Indenture, the Indenture Trustee, in this case Bank One, has the automatic right to proceed on "all rights of action" as the party in interest, without the individual bondholders, but for their direct benefit. Section 10.8 of the Indenture (Rights Vested in Trustee). Further, the Indenture states that

> No holder of any Bond shall have any right to institute any suit, action or proceeding in equity or at law for the enforcement of this Indenture or for the execution of any trust hereof or for the appointment of a receiver or any other remedy hereunder.

Section 10.9 of the Indenture (Rights and Remedies of the Bondholders). Accordingly, the individual bondholders are contractually precluded from directly bringing suit for the enforcement of the Indenture in this case.

The doctrine of fraudulent joinder is applicable to both plaintiffs and defendants. See Miller v. Home Depot, 199 F.Supp.2d 502, 508 (W.D. La. 2001)("The fraudulent joinder doctrine can be applied to the alleged fraudulent joinder of a plaintiff")(citing Elk Corp. of Texas v. Valmet Sandy-Hill, Inc., 2000 WL 303637, at *2 (N.D. Tex. 2000); Sims v. Shell Oil Co., 130 F.Supp.2d 788, 796 (S.D. Miss. 1999); Lerma v. Univision Communications, Inc., 52 F.Supp.2d 1011, 1014 (E.D. Wis. 1999); Oliva v. Chrysler Corp., 978 F.Supp. 685, 689 (S.D. Tex. 1997); Nelson v. St. Paul Fire & Marine Ins. Co., 897 F.Supp. 328, 331 (S.D. Tex. 1995)). In order to show that a plaintiff has been fraudulently joined, the Defendant must prove that "no possibility exists that the plaintiffs have stated a claim against [the in-state defendant]." Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). In the instant action, the individual bondholders are contractually precluded from directly bringing an action against CSFB for enforcement of the Indenture. Therefore, there is no possibility that they have stated a valid claim for relief against CSFB here. Consequently, the individual bondholders are fraudulently joined to the instant action, leaving only the Indenture Trustee, Bank One, as a proper party plaintiff.

Next, the Court must determine whether diversity of citizenship exists between the only properly remaining plaintiff, Bank One, and the Defendant, CSFB.  According to 28 U.S.C. § 1348, national banks are "citizens of the States in which they are respectively located."   In <u>Firstar Bank, N.A. v. Faul</u>, 253 F.3d 982 (7th Cir. 2001), the United States Court of Appeals for the Seventh Circuit analyzed the meaning of this phrase in detail.  After analyzing the canons of statutory interpretation and the history of the statute, the Seventh Circuit ruled that, similar to a corporation, "for purposes of 28 U.S.C. § 1348 a national bank is 'located' in, and thus a citizen of, the state of its principle place of business and the state listed in its organization certificate."  <u>Id.</u> at 994.

A corporation is deemed to be a citizen of  any state by which it has been incorporated and of the state where it has its principle place of business.  28 U.S.C. § 1332(c)(1) (2005).  Under this analysis, Bank One is incorporated in Wisconsin and has a principle place of business in Illinois, therefore it is a citizen of those two states.  <u>Id.</u>  CSFB, however, is incorporated in Delaware and has its principle place of business in New York.  Thus, it is a citizen of those two states.  <u>Id.</u>  As a result, diversity exists between Bank One and CSFB.  Because the amount in controversy in this case exceeds $75,000, jurisdiction is proper pursuant to 28 U.S.C. § 1332(a).  Thus, the removal of the instant case to this Court was appropriate, and the Plaintiffs' Motion to Remand should be denied.

Because the Court finds that diversity jurisdiction is present in the instant action, it will not analyze the appropriateness of bankruptcy jurisdiction under 28 U.S.C. § 1334.

Accordingly,

**IT IS ORDERED** that the Motion to Remand filed on behalf of the plaintiffs, Paul J. Guillot, Gothlyn J. Reck, Bear, Sterns & Co. Inc., Silver Point Capital Fund, L.P., and Bank One Trust Company, N.A., be and the same is hereby **DENIED**.

New Orleans, Louisiana, this 21st day of July, 2005.


**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**